J-S74028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HANSON LOWERY | |
| Appellant | No. 3474 EDA 2017 |

Appeal from the Judgment of Sentence imposed September 29, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0012832-2014

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 21, 2019**

Appellant, Hanson Lowery, appeals from the judgment of sentence of 11½-23 months' imprisonment plus five years' probation with immediate parole to house arrest for possession of a firearm with altered manufacturer number ("firearm offense"),[1] possession of an instrument of crime ("PIC")[2] and other offenses. Appellant argues that the evidence is insufficient to sustain his convictions for the firearm offense and PIC. We affirm.

The trial court accurately summarized the evidence as follows:

On September 12, 2014, Police Officer Joseph Domico, assigned to the Narcotics Field Unit of the Philadelphia Police Department, went to the area of Cedar and Ann Streets in Philadelphia after receiving information from a confidential informant that drug activity was occurring there. Upon arrival, Officer Domico searched a confidential informant and after determining that the

---

[1] 18 Pa.C.S.A. § 6110.2.

[2] 18 Pa.C.S.A. § 907.

informant had no money or drugs in his possession, he gave the informant $20.00 in U.S. currency, the serial numbers of which had been recorded by the officer, to use as "buy money" to purchase drugs. Officer Domico then watched as the informant approached a woman, later identified as Brianna Binz (ph.), and spoke to her briefly. The officer also saw the informant hand the buy money to Binz who then walked over to a black male who was standing nearby on the corner and received an object from him that she handed to the informant after walking back to him. Upon getting the item from Ms. Binz, the informant returned to Officer Domico and gave him a bag containing what testing revealed to be marijuana and a pink pill later determined to be Oxycodone. The informant also informed the officer of the name "Bree" and a telephone number associated therein.

Officer Domico returned to that same location on October 3, 2014, with the confidential informant to whom he gave $20.00 in pre-recorded "buy money" and had call the number the informant had relayed to the officer three weeks earlier. During the call, the informant had a drug-related conversation with a female who directed him to go to the intersection of Cedar and Memphis Streets.

After the call ended, the informant went to the intersection mentioned during the phone call where he met Ms. Binz, who, after speaking to the informant, went to a residence located at 2115 Orleans Street and knocked on the door. Appellant answered the door and Ms. Binz went inside with him. She exited the property about two minutes later and handed the informant two jars filled with marijuana, which the informant thereafter gave to Officer Domico.

On October 15, 2014, Officer Domico again had the informant call the number received on September 12, 2014. The informant again spoke to a woman, after which the informant, having received $120.00 in "buy money" from Officer Domico, who searched him with negative results, went to the same area where the two previous transactions occurred. Ms. Binz met the informant there, who, after speaking with the informant, went to 2115 Orleans Street and knocked on the door. When no one answered, Ms. Binz made a phone call. A short time later, the male who gave Ms. Binz an item on September 12, 2014, and who was wearing the same sweatshirt he had on that day, walked up

to Ms. Binz and the informant, where he gave Ms. Binz an object in exchange for U.S. currency.

After that transaction occurred, Appellant drove up in a Ford Expedition and parked it in a vacant lot across the street. When Appellant exited the Expedition, Ms. Binz walked up to him, and after a brief conversation, handed him U.S. currency in exchange for an object, which she gave the informant. The informant then returned to Officer Domico a clear bag containing 12 grams of marijuana a one Oxycodone pill.

Officer Domico returned to his office and prepared and obtained search warrants for the Expedition, 2983 Cedar Street, and 2115 Orleans Street. He returned to the location where the previous transactions occurred on October 16, 2014, and set up a surveillance. The officer observed Ms. Binz and a Hispanic woman, last name Lugo, with her who was braiding Ms. Binz's hair. A white male came onto the block and Ms. Lugo directed the male to go to the corner. Ms. Binz then removed an object from her bra and gave it to Ms. Lugo who walked up to the white male and gave him the object in exchange for U.S. currency. The white male then left the area.

After the white male departed, Officer Domico had members of his back-up team apprehend Ms. Binz and Ms. Lugo. Incident thereto, police recovered from Ms. Lugo a cell phone, an identification card in her name, and $155.00. Police seized a plastic bag containing eleven packets of marijuana, seventeen packets of crack cocaine, and a key to 2983 Cedar Street. Officer Domico and other officers then executed the search warrants. When police went to 2115 Orleans Street, Appellant answered the door and was placed under arrest. Police recovered $1,350.00 from his back pocket.

A search of the residence yielded a bag hidden behind a couch cushion that contained 354 grams of marijuana, four bags containing eight grams of marijuana on a coffee table, a bottle containing six Diazapam pills and an operable .32 caliber Kel-Tec handgun loaded with nine rounds from under a couch cushion that had its serial number scratched off. In addition thereto, police recovered a scale, new and unused plastic bags, and an electric bill for the residence in Appellant's name. When police obtained biographical information from Appellant, he stated that he resided at 2115 Orleans Street.

Trial Ct. Op., 3/13/18, at 2-5 (citations omitted). The Commonwealth also introduced evidence that Appellant did not have a gun license. *Id.* at 5 n.3 (citation omitted).

Following a bench trial, the trial court found Appellant guilty of the firearm offense, PIC and various drug charges, including possession with intent to deliver the marijuana found in the couch and on the coffee table in front of the couch. On September 29, 2014, the court imposed sentence. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

1. Was the evidence insufficient to prove Appellant guilty of [the firearm offense] under 18 Pa.C.S. § 6110.2?

2. Was the evidence insufficient to prove Appellant guilty of [PIC] under 18 Pa.C.S. § 907?

Appellant's Brief at 4.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525–26 (Pa. Super. 2016). It is within the province of the fact-finder to

determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Tejada*, 107 A.3d 788, 792–93 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Crosley*, 180 A.3d 761, 767 (Pa. Super. 2018). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994, 1001 (Pa. Super. 2015).

We first address Appellant's challenge to the sufficiency of the evidence of the firearm offense. Section 6110.2 provides in pertinent part: "No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated." 18 Pa.C.S.A. § 6110.2(a). Section 6110.2 is part of Pennsylvania's Uniform Firearms Act, 18 Pa.C.S.A. §§ 6101–6127, whose purpose "is to regulate the possession and distribution of firearms, which are highly dangerous and are frequently used in the commission of crimes," *Commonwealth v. Corradino*, 588 A.2d 936, 940 (Pa. Super. 1991), and to "prohibit certain persons from possessing a firearm within this Commonwealth." *Commonwealth v. Baxter*, 956 A.2d 465, 471 (Pa. Super. 2008). "Firearm serial numbers are an important tool because they help police officers identify the owner of weapons used in criminal offenses." *Commonwealth v. Ford*, 175 A.3d 985, 992 (Pa. Super. 2017). "To ensure that serial numbers remain intact on firearms, the

legislature has prohibited persons from defacing these markings, **see** 18 Pa.C.S. § 6117(a), and from possessing defaced firearms, **see** 18 Pa.C.S. § 6110.2." **Id.**

The evidence satisfies each element of Section 6110.2. First, construed in the light most favorable to the Commonwealth, the evidence demonstrates that Appellant was in constructive possession of the firearm. The Commonwealth may establish constructive possession through the totality of the circumstances. **Commonwealth v. Muniz**, 5 A.3d 345, 349 (Pa. Super. 2010); **Commonwealth v. Walker**, 874 A.2d 667, 678 (Pa. Super. 2005) (defendant exercised dominion and control over illegal drugs found in home office along with mail addressed to defendant and closet of his clothes). Here, Appellant resided in the house where the police discovered the firearm, as shown by an electric bill for the house in Appellant's name and the fact that Appellant answered the door on the date of one of the drug purchases (October 3, 2014) and the date of his arrest (October 16, 2014). Moreover, the trial court found Appellant guilty of possessing, with intent to deliver, 354 grams of marijuana found hidden in the same couch as the gun and four baggies containing 32 grams of marijuana on a coffee table in front of the couch. Appellant has not appealed his conviction for possession of marijuana or argued in his brief that he did not possess the marijuana. Since it is clear that he possessed the marijuana, it is equally clear that he possessed the firearm.

Next, the Commonwealth must prove that the firearm's serial number was "altered, changed, removed or obliterated." 18 Pa.C.S.A. § 6110.2(a). Natural corrosion of manufacturer's numbers does not render them "altered, changed, removed or obliterated" within the meaning of Section 6110.2. **Ford**, 175 A.3d at 993. Appellant argues that it was more likely that the serial number was altered by natural corrosion than by an affirmative act. We disagree. During trial, Appellant stipulated to the accuracy of a firearms lab report that stated that the gun was "defaced (scratched and gouged)." These terms connote affirmative acts rather than natural corrosion. **See** Webster's New Universal Unabridged Dictionary 475 (2nd deluxe ed. 1983) (defining "deface" as "to destroy or mar the face or surface of . . ."); **id.** at 789 (defining "gouge" as "to scoop out with . . ."); **id.** at 1628 (defining "scratch" as "to tear, mark, or scrape the surface of . . ."). Thus, the evidence demonstrates that the serial numbers on the firearm were "altered, changed, removed or obliterated."

Finally, Appellant argues that he did not recklessly possess the gun in question. A defendant can violate Section 6110.2, however, if he intentionally, recklessly **or** knowingly possesses a firearm with an altered serial number. **Commonwealth v. Jones**, 172 A.3d 1139, 1145 (Pa. Super. 2017). By hiding the gun in the couch, Appellant demonstrated that he knew the gun needed to be concealed due to its altered serial number. **Id.** at 1145 (fact that defendant possessed gun and secreted it under garbage bags of

clothing in back of closet indicated that he knew its serial number had been altered). Thus, the evidence demonstrates that Appellant had the mens rea required for conviction under Section 6110.2.

For these reasons, Appellant's challenge to the sufficiency of the evidence underlying his firearm conviction fails.[3]

In his second argument, Appellant claims that the evidence was insufficient to sustain his conviction for PIC. We disagree. To prove this offense, the Commonwealth must establish that Appellant possessed an instrument of crime with intent to employ it criminally. 18 Pa.C.S.A. § 907(a). An instrument of crime is "anything specially made or specially adapted for criminal use" or "anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d).

Appellant's gun was "adapted for criminal use," *id.*, because the purpose of altering or obliterating serial numbers is to prevent police from tracing guns used in crimes back to their users. Moreover, the circumstances of this case demonstrate that Appellant intended to use the gun for criminal purposes. He hid the gun, whose serial numbers were altered, in the same couch as 354

_____

[3] It bears mention that Appellant was not charged with actually altering or obliterating the gun's serial number under 18 Pa.C.S.A. § 6117. He only was charged and convicted of **possessing** an altered firearm under Section 6110.2. As discussed above, the Commonwealth demonstrated beyond a reasonable doubt that Appellant knowingly possessed an altered firearm.

grams of marijuana and nearby another 32 grams of marijuana packaged for sale. Viewed in the light most favorable to the Commonwealth, this evidence shows that Appellant hid the gun in the couch so he could use it to protect his illegal drug business, a purpose not manifestly appropriate for its lawful use.

For these reasons, Appellant's challenge to the sufficiency of the evidence underlying his PIC conviction fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19